867 F.2d 464
 130 L.R.R.M. (BNA) 2732, 110 Lab.Cas. P 10,930
 Eugene MEYER, Thomas C. Welch, Thomas P. Knox, Theodore N.
Welch, John C. Fisher, James T. Schmidt and Eugene
C. Lemke, Appellants,
v.
Timothy D. BARNES, Ernest Kon, Robert Robertson, James
Mason, individually, and as representatives, officers and
agents, of the Highway, City and Air Freight Drivers,
Dockmen & Helpers, Local Union No. 600, a Labor Union
affiliated with the International Brotherhood of Teamsters,
Chauffeurs, Warehousemen & Helpers of America, and Jackie
Presser and Weldon Mathis, individually and as
representatives, officers and agents of the International
Brotherhood of Teamsters, Chauffeurs, Warehousemen &
Helpers, Appellees.
 No. 88-1531.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 16, 1988.
Decided Feb. 6, 1989.
 
 Stephen H. Gilmore, St. Louis, Mo., for appellants.
 Cary Hammond, St. Louis, Mo., for appellees.
 Before FAGG and WOLLMAN, Circuit Judges, and WOODS*, District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Appellants, former officers and business representatives of Highway, City and Air Freight Drivers, Dockmen and Helpers Local Union No. 600, appeal the district court's[1] grant of summary judgment to present officers of Local 600 and to officers of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (IBT). We affirm.
 
 
 2
 On October 3, 1974, the United States District Court for the Eastern District of Missouri rendered a judgment for $5,796,341.18 against Local 600 and in favor of The Motor Carriers Council of St. Louis, Inc. As a result, Local 600 filed a voluntary petition in bankruptcy in the United States Bankruptcy Court on September 24, 1976.
 
 
 3
 On December 8, 1976, appellants filed proofs of claims in the bankruptcy proceeding. They claimed, among other things, severance pay computed on the basis of one month's salary for each year of employment with Local 600. They based these claims on a resolution adopted by the Local 600 executive board on February 13, 1974:
 
 
 4
 Any full-time officer or business representative who shall die or terminate his employment for any reason, other than discharge for cause, or shall vacate an elected office for any reason, shall receive severance pay in an amount equal to one month's pay for each full year of service, either as an officer or business representative, with a maximum of fifteen (15) months pay. Severance pay shall be computed at the rate of compensation of the officer or business representative at the time of his death, termination or vacation of office.
 
 
 5
 In the fall of 1979, Local 600 and the Motor Carriers Council entered into a "Memorandum of Proposed Agreement." This agreement formed the basis of a comprehensive settlement concerning the creditors in bankruptcy. On October 31, 1979, the court authorized the trustee in bankruptcy to enter into the agreement.
 
 
 6
 As part of the comprehensive settlement, the trustee stipulated with Local 600 to obtain the written waivers of its officers and business representatives who had filed claims in the bankruptcy proceeding. Accordingly, on March 31, 1980, appellants waived their claims to severance pay. On August 22, 1980, the bankruptcy court granted Local 600 a general discharge in bankruptcy and released it from all dischargeable debts. Because the court had earlier noted that the Motor Carriers Council judgment was nondischargeable, that judgment survived.
 
 
 7
 On December 8, 1980, appellants Theodore Welch, Fisher, and Schmidt were defeated at the Local 600 election of officers. The new president, under the 1974 Local 600 constitution and bylaws, could appoint and remove all business agents and organizers, subject to the approval of the executive board. After the new president took office, he removed appellants Meyer, Lemke, Knox, and Thomas Welch.
 
 
 8
 During the time between the election of officers on December 8, 1980, and the beginning of the newly-elected officials' term on January 1, 1981, appellants Theodore Welch, Fisher, Schmidt, and Knox comprised a majority of the seven-member executive board. On December 19, 1980, the executive board approved the following resolution:
 
 
 9
 Be it resolved that the Officers and Business Representatives of Teamsters Local 600 be entitled to severance pay in the amount as set forth per Executive Board Meeting of February 13, 1974, a copy of said minutes and resolution being attached here to and incorporated herein;
 
 
 10
 And be it further resolved that in the event Local 600 disputes the claims for severance pay, and it is determined that Local 600 is liable, then any and all attorneys' fees incurred by officers and/or business representatives in obtaining said severance pay shall be assessed against Local 600.
 
 
 11
 On December 31, 1980, the executive board agreed to send the incoming board a written demand for a hearing concerning the payment of severance pay. The new executive board held such a hearing in February of 1981. Appellants requested severance pay totaling $191,000. The executive board denied the requests, whereupon appellants initiated this action. Appellants alleged that they were entitled to severance pay under the union's constitution and bylaws and the resolution of February 13, 1974. They claimed that Local 600 and IBT were jointly and severally liable because IBT had "ratified, implemented, and reaffirmed" the severance pay policies during a trusteeship of Local 600 that existed from June 1974 to February 1975.
 
 
 12
 In reviewing a grant of summary judgment, we apply the same standard as that applied by the district court. United Tel. Co. v. Johnson Publishing Co., 855 F.2d 604, 607 (8th Cir.1988). We thus will affirm the lower court's grant of summary judgment if "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 13
 Local 600 and IBT assert that they do not owe appellants severance pay for several reasons: (1) the IBT constitution prohibits severance pay in the present circumstance; (2) appellants violated their fiduciary duties under the Labor-Management Reporting and Disclosure Act when they authorized the severance pay; and (3) appellants' claims for severance pay were discharged in Local 600's bankruptcy proceedings and were never validly reaffirmed. IBT additionally asserts that it is not responsible for the actions of Local 600 and neither participated in nor ratified the denial of severance pay.
 
 
 14
 The parties stipulated that Local 600 is bound by the IBT constitution. Article VI, Section 4(b) of the constitution provides the following:
 
 
 15
 Local Unions shall not adopt Bylaws or take any action which would impair their ability to meet their financial obligations to the International Union and its subordinate bodies or interfere with the discharge of their obligations to their members in the negotiation and administration of collective bargaining agreements and in conducting the affairs of the Local Union as a solvent organization.
 
 
 16
 Given the authority of this section, the only remaining question is whether the December 19, 1980, resolution authorizing severance pay and appellants' subsequent demand for payment interfered with Local 600's ability to operate as a solvent organization. The parties have stipulated that over the last several years Local 600 has had a financial deficit.[2] Accordingly, any request for and authorization of severance pay would interfere with Local 600's solvent operation.
 
 
 17
 Appellants claim that their actions did not interfere with Local 600's solvent operation because the union was already insolvent. This claim in essence is that $191,000 in additional debt is insignificant to an organization that already owes approximately $1,750,000. An addition of $191,000 in debt, however, would interfere with Local 600's ability to pay all other legal debts.
 
 
 18
 Appellants also contend that because they have not demanded immediate payment their claim does not violate the IBT constitution because Local 600 could delay paying until it is solvent. The resolution authorizing the severance pay itself, however, violated the IBT constitution. Because there is no valid authority on which to base the severance pay, payment--whether immediate or delayed--cannot be granted.
 
 
 19
 Appellants' final contention is that their claim is governed by the Employee Retirement Income Security Act of 1974 (ERISA). Although severance benefit plans are welfare benefit plans under ERISA, see Simmons v. Diamond Shamrock Corp., 844 F.2d 517, 520 n. 4 (8th Cir.1988), appellants have not established that Local 600 implemented a severance benefit plan.
 
 
 20
 The order granting summary judgment is affirmed.
 
 
 
 *
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The parties stipulated that Local 600's financial situation from 1980 to 1986 was as follows:
 Debt to Motor Overall Debt to Overall
 Motor
 Carriers Financial Carriers Financial
 Council Deficit Council Deficit
1980 $1,749,697.60 --------
1981 1,433,556.60 $1,410,109.00
1982 1,164,570.75 1,175,878.00
1983 932,977.85 918,896.00
1984 715,921.85 625,754.00
1985 518,733.70 486,268.00
1986 333,252.52 262,953.00