Ted KLAUDT; Darrell Smith; C and S Cattlemen's Association, Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF INTERIOR; Manual Lujan, Secretary of the Department of Interior; Bureau of Indian Affairs; Jerry Jaeger, Aberdeen Area Director; Russell Bradley, Superintendent, Standing Rock Agency, Defendants–Appellees.

No. 92–2216.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1992.

Decided April 5, 1993.

Kenn Pugh, Winner, SD, argued (Tom D. Tobin, on the brief), for plaintiffs-appellants.

David L. Zuercher, Pierre, SD, argued, for defendants-appellees.

Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

LARSON, Senior District Judge.

Ted Klaudt, Darrell Smith and C and S Cattlemen's Association (appellants) appeal from the district court's [1] dismissal of all claims against the United States Department of Interior and the Bureau of Indian Affairs, et al., for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies. We affirm the judgment of the district court.

## I.

Klaudt is a rancher who was issued a grazing permit by the Standing Rock Agency to graze cattle on trust land on the Standing Rock Indian Reservation from November, 1987, through October, 1992. Smith is also a rancher who was granted six five-year leases to trust land by the Bureau of Indian Affairs (BIA). Two of the leases expired in October of 1990. C and S is an organization of ranchers which leases trust land and grazing units on the Standing Rock Indian Reservation through leases and permits from the BIA. All appellants are residents of the Indian reservation; none of the appellants are members of the Standing Rock Sioux Tribe. The reservation encompasses land in both North and South Dakota.

The Standing Rock Sioux Tribe imposes a "Privilege of Doing Business Tax" on all persons, except tribal members, who lease or permit Indian lands.[2] The tribe collects the tax and advises the BIA whether any lessee is delinquent in the payment of the taxes. The BIA then sends the delinquent lessee a notice that his lease may be subject to cancellation. The BIA is also kept informed of the names of permittees delinquent in their tribal taxes for the purposes of the federal grazing permit regulations. (Nonpayment of tribal taxes is grounds for cancellation of a permit under the specific language of the federal regulations.[3]) The BIA sent delinquency notices to Klaudt and Smith after the tribe advised it in July, 1990, that taxes were due on certain leases. Both Klaudt and Smith entered into agreements with the tribe, agreeing to pay current and back taxes under a payment plan. Appellants' leases and permits were not ever canceled.

Appellants filed an action setting forth eight claims for declaratory and injunctive relief, declaring the Privilege of Doing Business Tax invalid and enjoining the BIA from canceling leases and range unit permits, or refusing to issue them in the future, for failure to pay the tribal tax. Appellants' claims one and two alleged that the BIA, by threatening to cancel the leases, violated the equal protection clause of the Fifth Amendment, 42 U.S.C. § 1981, and 25 U.S.C. § 1302(8). Claims three, seven, and eight alleged that the BIA acted contrary to 25 U.S.C. § 331, et seq., and failed to fulfill its trust responsibilities, when it allowed taxation of trust properties. Claims four and five alleged that the BIA failed to ensure that the tax was assessed and collected in a fair and uniform manner, and that is acted arbitrarily and inconsistently in its enforcement of the tax. Claim six alleged that the BIA violated 25 C.F.R. § 162 and the Fifth Amendment by threatening to cancel leases without providing procedural due process.

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

2. The tax was enacted by the Standing Rock Sioux Tribal Council and approved by the BIA in 1971. The tax ordinance states:
    16–101. Tax
    All persons, except tribal members of the Standing Rock Indian Tribe, shall pay taxes for the privilege of doing business on the Standing Rock Indian Reservation by the leasing or permitting of Indian lands as follows:
    ($.20) Per acre on grazing land, including $5.00 per head for Non–Indian owned livestock grazing on allocated Range Units.
    ($.50) Per acre on Agriculture (crop) lands.
    16–102. Payment
    The tax shall be paid to the Tribal Finance Officer or his authorized representative.

3. 25 C.F.R. § 166.18 states:
    Fees and taxes exclusive of annual grazing fees, assessed by the tribe in connection with grazing permits and with the approval of the Commissioner or Secretary, shall be billed for by the tribe and paid annually in advance to the designated tribal official. Failure to make payment will subject the grazing permit to cancellation and may disqualify the permittee for future permits.

Granting appellees' motions to dismiss, the district court dismissed counts one, two, three, seven, and eight in March of 1991, for failure to state a claim upon which relief can be granted. One year later, the court dismissed the remaining claims for failure to exhaust administrative remedies.

## II.

### A. Counts One, Two, Three, Seven, and Eight

■■■ Appellants have failed to specifically notice their appeal from the 1991 order, dismissing counts one, two, three, seven, and eight. Appellants have, however, appealed from the 1992 order, dismissing counts four, five, and six. Federal Rule of Appellate Procedure 3(c) requires a notice of appeal to "designate the judgment, order or part thereof appealed from". The requirements of the rules of procedure should be liberally construed, and mere technicalities should not foreclose our consideration of a case on its merits. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This principle is particularly apt where the intent to appeal the judgment in question is apparent, and there is no prejudice to the adverse party. *Berdella v. Delo*, 972 F.2d 204, 207 (8th Cir.1992). However, "[P]ermitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold". *Torres v. Oakland Scavenger Co.*, 487 U.S. at 315–16, 108 S.Ct. at 2408 (where the notice of appeal under consideration failed to designate the specific individual seeking to appeal). We have previously held that omission of any reference to the order appealed from is more than a technical deficiency,

and creates a jurisdictional bar to the appeal. *Berdella v. Delo*, 972 F.2d at 208. Likewise, in this instance we construe Rule 3(c) as a jurisdictional prerequisite. Thus, we lack jurisdiction to hear appellants' arguments arising from the district court's order of March, 1991.

### B. Counts Four, Five, and Six

■■ In these three counts, appellants alleged that the BIA did not administer the tax in a fair and uniform fashion, and that it acted arbitrarily and inconsistently in its enforcement of the tax. Further, appellants alleged that the BIA failed to follow its own due process requirements when it initiated action to cancel the grazing permits.[4] On appeal, appellants argue that the district court erred in holding that appellants failed to exhaust their administrative remedies with regard to these allegations.

The federal regulations provide that administrative procedures must be followed before seeking relief in the court system.[5] 25 C.F.R. § 2.6. There are clearly detailed administrative processes and remedies set forth in 25 C.F.R. Part 2 and 43 C.F.R. Part 4. Appellants, however, did not initiate even the first steps of the administrative appeal process. Instead, they asserted their claims for the first time in federal court.

Appellants are simply not entitled to a judicial hearing on the merits of their claim. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). In accordance with the teachings of *West v. Bergland*, 611 F.2d 710 (8th Cir.1979), *cert. denied*, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980), and *United States v. Newmann*, 478 F.2d 829 (8th Cir.1973), we are to apply a balancing test, weighing the governmental interest in requiring exhaustion against the appel-

---

**4.** The district court's memorandum opinion notes that grazing land is excepted from the entire general leasing and permitting provisions of 25 C.F.R. § 162. *See* 25 C.F.R. § 162.19. Instead, 25 C.F.R. § 166 applies. Pursuant to Section 166, the Department of Interior "may revoke or withdraw all or any part of a grazing permit by cancellation or modification on 30

days' written notice for violation of the permit...." 25 C.F.R. § 166.15.

**5.** 25 C.F.R. § 2 provides the rules for appeals from administrative decisions. 25 C.F.R. § 2.3(a) makes the rules specifically applicable to decisions of the BIA.

lants' interest in immediate judicial review. There can be no clearer case for the exhaustion of administrative remedies. The governmental interest in exhaustion in this case includes allowing the agency to develop a factual record, to exercise its discretion, and to apply its expertise. In addition, the agency should be given the opportunity to discover and to correct its own errors. Agency autonomy and judicial economy are also important considerations. *McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969). Appellants, on the other hand, have no interest in immediate judicial review. Appellants' "injuries" at this juncture are purely hypothetical. Likewise, appellants' contention that administrative appeal would have been futile is unsupported and speculative.

The court below did not err in dismissing appellants' claims concerning administration of the tribal tax and procedural due process for failure to exhaust administrative remedies.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.