Sam HENSON, Jr.; Stanley G. Batten; Kelvin W. Johnson; James Henson; Clarence R. Bond; Steven M. Mates; Yvonne Scott; Michael W. Martins; Thomas M. Bragg; Russell A. Honda; Hubert Lee Howell; Scott Turner; Lester St John Gauntt, Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT, Appellant.

James Lee MORGAN; David L. Alvis; Eric A. Bailey; Melvin Barrow; Richard E. Davis, Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT, Appellant.

Steve FELKNER; Clifton Hinnant, Jr.; Delvin R. Jackson; Theodore T. Lewis, III; Eugene C. Rouse, Jr.; Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT; Appellant.

Alvin J. SINGLETON; Robert S. Smith; Wendell P. Smith; Len Wilson, Jr.; Anthony J. Cook; Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT; Appellant.

Carolyn E. MORTON; Willie Joe Brown; Louis Crook, Jr.; Velma Lake; Emmett G. McCormack; Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT; Appellant.

Arples MARTIN; Lee A. Berry, Jr.; Alza Froehlich; Tressie M. Gilbert; Farran Holdcraft; Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT; Appellant.

Edgar HOUSEHOLDER; David Jackson; Joseph G. Motton, Jr.; Charlie Spease; James T. Pickens; Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT; Appellant.

Henry S. WOOD; Shan Gachot; Mark A. Semelka; Robert D. Miller; Appellees,

v.

PULASKI COUNTY SHERIFF DEPARTMENT; Appellant.

John R. HOUSER; Charlotte Y. Allmon; Michael C. Bliss; Joe Bradley; John D. Breckon; Phillip L. Canady; Phillip L. Clark; Angela Cook; Joel A. Cooper; Jerry Dawson; Harold Elliot; Oather Lee Fulmer; Jeff Glover; Robert G. Griffin; David Harrell; Scott G. Hasselbach; Daniel J. Horn; John L. Hudson; Kenneth L. Kincaide; Ralph McMoran; Thomas R. Manning; Larry J. Mickel; Darrell B. Pierce; Larry M. Rakoski; Roy T. Reynolds, Jr.; Laurie R. Robinson; Charles Dale Stroud; Phillip L. Tackett, Jr.; Eugene Tyree, Jr.; Mike J. Welsh; Clay Almond; Kim Almond; James Bonner; David Goldstein; Jack Romine; James C. Smith; Tina Blankenship Smith; David Burns; Jeffrey E. Flowers; Thomas E. Latina; Bill Mallett; Charisse Y. Randolph; William M. Arnold; Sam Morshedi; Martina Flick; William P. Bryan; Michelle D. Bryant; Tony A. Bryant; James L. Dancy; Dean Jarrett, Appellants,

v.

NORTH LITTLE ROCK POLICE DEPARTMENT, Appellee.

Nos. 92–3442; 92–3970.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1993.

Decided Sept. 30, 1993.

Larry Don Vaught, Little Rock, AR, argued for appellant in No. 92–3442. John R. Houser, argued for appellants in No. 92–3970.

Philip E. Kaplan, Little Rock, AR, argued for appellees in No. 92–3442. Timothy Davis Fox, North Little Rock, AR, argued for appellee in No. 92–3970.

Before WOLLMAN and LOKEN, Circuit Judges, and BOGUE,[*] Senior District Judge.

WOLLMAN, Circuit Judge.

This consolidated appeal presents the issue of the standard that is to be applied in determining the compensability of meal periods under the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 et seq. We must then apply that standard in reviewing the appropriateness of the grant of summary judgment in favor of the employees in No. 92–3442, *Henson v. Pulaski County Sheriff Department,* and the grant of summary judgment in favor of the city in No. 92–3970, *Houser v. North Little Rock Police Department.*

**I.**

The FLSA, originally enacted in 1938, mandates that covered employees be paid at least a minimum wage and that they receive one and one-half times their regular pay for any overtime hours worked. The Act, however, does not define when an individual should be considered to be working for pur-

poses of the Act. In a series of cases decided in the years following the enactment of the FLSA, the Supreme Court addressed the Act's definition of work. In *Tennessee Coal, Iron & Railroad v. Muscoda Local No. 123,* the Court defined work as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944). In two companion cases involving private firefighters, the Supreme Court reiterated that lower courts should adopt a practical approach based on the realities of each case in determining whether employees were spending certain periods of time predominantly for the benefit of the employer or for their own benefit. *Armour & Co. v. Wantock,* 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944); *Skidmore v. Swift & Co.,* 323 U.S. 134, 136–37, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944). In *Armour* and *Skidmore,* the Court concluded that time spent waiting for an event to occur, such as a fire, could constitute work if the employer had hired the employees for that function. *Armour,* 323 U.S. at 133–34, 65 S.Ct. at 168–69; *Skidmore,* 323 U.S. at 136–37, 65 S.Ct. at 163.

Despite the Supreme Court's longstanding definition of work, the employees argue that this court should adopt a regulation issued in 1961 by the Wage and Hour Division of the Department of Labor (the "Wage and Hour Division"). That regulation, now codified at 29 C.F.R. § 785.19(a) (all private and some public employers) and 29 C.F.R. § 553.223(b) (certain public employers), purports to apply specifically to meal periods. It states that bona fide meal periods are not worktime under the Act, but in order to qualify as a meal period an employee must be "completely relieved from duty for the purposes of eating regular meals." 29 C.F.R. § 785.-19(a); *see also* 29 C.F.R. § 553.223(b) (public agency may exclude meal periods from hours worked, "provided that the employee is completely relieved from duty"). In essence, this

---

[*] The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

standard means that employees who remain subject to call during their meal breaks must always be compensated for that time, because they continue to perform an "inactive" duty and are not completely relieved of duty. Indeed, that is how the magistrate judge applied the standard in granting summary judgment to the employees in the *Henson* case.

Moreover, the employees contend that we adopted the completely-relieved-of-duty standard in a 1975 case. *Mumbower v. Callicott,* 526 F.2d 1183, 1188 (8th Cir.1975). In *Mumbower* a switchboard operator sought to receive overtime and back pay for time spent performing various office tasks before and after her regularly scheduled switchboard hours and for her half-hour lunch periods, which she spent at the switchboard answering calls. We held that the duties performed before and after the scheduled hours and during the lunch period constituted work because the employer tacitly approved of Mumbower performing them and because they were for the employer's benefit. *Id.* In discussing the lunch periods, we made reference to the Wage and Hour Division's regulation. *Id.*

■ We conclude that the predominantly-for-the-benefit-of-the-employer standard provides the appropriate test for determining the compensability of meal periods under the FLSA. Established in the earliest Supreme Court cases interpreting the FLSA, this standard comports with the Supreme Court's admonition to use a practical, realistic approach under the unique circumstances of each case when deciding whether certain activities constitute compensable work. *See, e.g., Skidmore,* 323 U.S. at 140, 65 S.Ct. at 164 ("Each case must stand on its own facts."); *Armour,* 323 U.S. at 133, 65 S.Ct. at 168 ("Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."). Because this standard is flexible, it allows courts to consider different factors depending on the nature of the business involved, whether the dispute involves factory workers or firefighters. Neither the FLSA nor the courts that apply it exist in a vacuum. We find it unrealistic to

hold that an employer must compensate employees for all meal periods in which the employee is relieved of all duties except simply remaining on-call to respond to emergencies, which the completely-relieved-from-duty standard would seem to require. Finally, we have applied the predominantly-for-the-benefit-of-the-employer standard either expressly or implicitly in various situations to determine whether certain activities constitute work under the Act. *See, e.g., May v. Arkansas Forestry Comm'n,* 993 F.2d 632, 639 (8th Cir.1993) (approving jury instruction that sufficiently incorporated the predominantly-for-the-benefit-of-the-employer standard in case involving on-call time for forest rangers); *Glenn L. Martin Neb. Co. v. Culkin,* 197 F.2d 981, 985 (8th Cir.) (affirming district court's finding that meal periods of firemen and guards was compensable because they remained engaged in the "principal activity of their regular work"), *cert. denied,* 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 671 (1952).

The predominantly-for-the-benefit-of-the-employer standard has also been adopted by a majority of the courts of appeals that have addressed the scope of "work" under the FLSA, whether in the context of meal periods or after hours on-call time. *See, e.g., Lamon v. City of Shawnee, Kan.,* 972 F.2d 1145, 1155 (10th Cir.1992) (interpreting the Wage and Hour Division's completely-relieved-from-duty regulation to mean that the test for compensability is whether the employee's meal period is "spent predominantly for the benefit of the employer"), *cert. denied,* —— U.S. ——, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993); *Birdwell v. City of Gadsden, Ala.,* 970 F.2d 802, 808 (11th Cir. 1992); *Bright v. Houston N.W. Med. Ctr. Survivor, Inc.,* 934 F.2d 671, 677 (5th Cir. 1991) (" 'the critical issue' in cases of this kind [is] 'whether the employee can use the [on-call] time effectively for his or her own purposes' " (citation omitted)), *cert. denied,* —— U.S. ——, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992); *Hill v. United States,* 751 F.2d 810, 814 (6th Cir.1984) (finding as a matter of law that postal workers did not spend their meal times predominantly for the benefit of the Postal Service and therefore were not entitled to be compensated for that

time), *cert. denied,* 474 U.S. 817, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985). *But see Kohlheim v. Glynn County, Ga.,* 915 F.2d 1473, 1477 (11th Cir.1990) (affirming district court's finding that firefighters who remained on-call during their lunch periods were not completely relieved from duty and should be compensated therefor); *Donovan v. Bel–Loc Diner, Inc.,* 780 F.2d 1113, 1115 n. 1 (4th Cir.1985) (citing with approval in footnote the "completely-relieved-from-duty" standard in 29 C.F.R. § 785.19 and affirming district court's finding that waitresses at diner were not relieved of duties during their meal breaks).

We do not lightly reject the Wage and Hour Division's regulation. Although such regulations do not bind us, as it is the courts that ultimately interpret the FLSA, they do "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore,* 323 U.S. at 140, 65 S.Ct. at 164. The weight that any one regulation merits depends upon "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.*

We conclude that the Wage and Hour Division's meal period compensability standard lacks persuasive force. The regulation is inconsistent with the Supreme Court's longstanding interpretation of the Act and would mandate the application of a rigid rule in the face of the Supreme Court's direction that courts take a practical approach based on the unique facts of each case. Moreover, we note that the Wage and Hour Division has not consistently followed the policy that employers must compensate employees for meal times if they are not completely relieved from duty. *See, e.g., Bouchard v. Regional Governing Bd.,* 939 F.2d 1323, 1333–34 (8th Cir.1991) (declining to impose Department of Labor detailed specifications that contradicted its earlier regulations), *cert. denied,* —— U.S. ——, 112 S.Ct. 1761, 118 L.Ed.2d 424 (1992). In *Skidmore,* the Supreme Court noted that the Wage and Hour Division had stated in an amicus brief that eating times

should be excluded from the calculation of the firefighters' hours worked, although the Division argued that the firefighters should be compensated for all other time spent at the employer's fire hall because they remained on call. 323 U.S. at 139, 65 S.Ct. at 164. Even after the promulgation of the completely-relieved-from-duty standard in 1961, the Wage and Hour Division has not taken the extreme position that the face of the regulation implies and that the employees urge on us. In *Hill,* the Sixth Circuit discussed a letter written by the deputy administrator of the Wage and Hour Division. The letter stated that "[w]hile the courts and the Department ... have on occasion broadly stated that compensation is required for meal periods unless the employees are relieved of all duty, it is obvious from the cases under consideration [those cited in section 785.-19(a)] that the duties in contemplation were those which restricted the employees in the free disposition of their lunch time." 751 F.2d at 814.

Additionally, we do not agree with the employees' argument that we adopted the completely-relieved-from-duty standard in *Mumbower.* The facts in *Mumbower*—a switchboard operator attempting to sneak bites of lunch between answering phone calls—clearly required under any standard that the switchboard operator be compensated for the time that the employer labelled as her lunch period. Indeed, in *Mumbower,* we characterized the operator's lunch hour activities as "extra work for the employer's benefit and with his tacit approval." A passing reference to the Wage and Hour Division's regulation in such a clear cut case hardly rises to the level of a binding adoption of such a rigid standard.

## II.

We now turn to the district court's grant of summary judgment in favor of the police department in appeal No. 92–3970, *Houser v. North Little Rock Police Department.* "In reviewing a grant of summary judgment, we apply the same standard as that applied by the district court. We thus will affirm the lower court's grant of summary judgment if there is no genuine issue as to any material

fact and ... the moving party is entitled to judgment as a matter of law." *Meester v. IASD Health Servs. Corp.,* 963 F.2d 194, 196 (8th Cir.1992) (quoting *Meyer v. Barnes,* 867 F.2d 464, 466 (8th Cir.), *cert. denied,* 493 U.S. 825, 110 S.Ct. 86, 107 L.Ed.2d 51 (1989)); *see* Fed.R.Civ.P. 56. Rule 56 requires the entry of judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether the evidence has established a genuine issue of material fact, we must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Alpine Elec. Co. v. Union Bank,* 979 F.2d 133, 135 (8th Cir.1992).

■ The district court,[1] construing all disputed facts in favor of the employees, found that there were no material facts at issue and that the police department was entitled to judgment as a matter of law. The court accepted as true the following facts. The plaintiff patrol officers are given a half-hour meal break during each shift. The officers must obtain clearance from headquarters before beginning their break, but the break begins only when the officers reach their break destination. Likewise, the officers are entitled to return to the station and change into civilian clothes on the department's time before their break begins. When on break, the officers are allowed to go wherever they please, even outside of their patrol area. Although the officers may be approached by the members of public at times and are required to monitor their radios and to respond in the case of an emergency, they have no other work-related duties. Most importantly, the officers may and do tend to personal errands.

We agree with the district court that under these facts the police department is entitled to judgment as a matter of law. The only potential restrictions on the officers' use of their meal periods for their own purposes arise from the possibility that citizens might ask them questions and from the monitoring of their radios for emergency calls to return to service. We conclude that these restrictions could not support a finding that the patrol officers spend their meal breaks predominantly for the benefit of their employer. The officers have a full thirty minutes to use for their own purposes and in which to travel to any desired location, subject only to the possibility of being recalled in an emergency. Because the employees' evidence does not create a genuine issue of material fact, we affirm the summary judgment in favor of the police department.

### III.

■ In appeal No. 92–3442, *Henson v. Pulaski County Sheriff Department,* the plaintiffs are sheriff's deputies assigned as correctional officers at the Pulaski County Jail. Sitting by consent of the parties, the magistrate judge found that the following facts concerning the deputies' meal periods were undisputed. First, the deputies must remain on the premises of the jail facility during their thirty-minute meal breaks. If they receive their supervisor's permission, they may go to their cars or across the street to a fast food restaurant to pick up an order to bring back to the jail grounds. During the meal break, the deputies are free to do "anything they wish" and are relieved of all of their regular duties, which include supervising and feeding the inmates and maintaining order. The deputies, however, must respond to any emergency calls that are issued over the jail's intercom. One of the deputies testified at his deposition that such emergency calls occur approximately once a week, although he was reluctant to make such a generalization.

Applying the Wage and Hour Division's completely-relieved-from-duty standard to these facts, the magistrate judge granted summary judgment in favor of the employees, finding that they are required to per-

---

1. The Honorable G. Thomas Eisele, United States District Court Judge for the Eastern District of Arkansas.

form "active or inactive" duties while eating and that these duties restrict their personal freedom to such an extent that they are not completely relieved from duty.

When the predominantly-for-the-employer's-benefit standard is applied to the facts of this case, however, it is clear that the summary judgment for the deputies may not stand. Summary judgment for the deputies would be proper only if because of the "active or inactive" duties the deputies are required to perform while eating they spend their meal breaks predominantly for the benefit of the Department. Although the deputies must spend their meal breaks on the jail premises and an emergency interrupts approximately twenty percent of their breaks, we cannot say as a matter of law that because of these requirements the deputies spend their meal breaks predominantly for the benefit of the Department. *See Lamon v. City of Shawnee, Kan.,* 972 F.2d 1145, 1157 (10th Cir.1992) ("That a police officer is on-call and has some limited responsibilities during meal periods does not perforce mean the officer is working."), *cert. denied,* —— U.S. ——, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993). We also cannot say as a matter of law, however, that the deputies do not spend their meal breaks predominantly for the benefit the Department. The deputies continue to perform their duty of maintaining order during meal breaks by remaining on the jail premises to respond to emergencies. The extent to which, if any, the stay-on-the-premises requirement benefits the Department by eliminating the need to hire additional deputies to maintain order during meal breaks is an issue of material fact to be determined by a jury. Likewise, the extent to which, if any, the requirement interferes with the deputies' ability to attend to personal matters during their meal breaks is an issue of material fact to be determined by a jury.

Additionally, whether the employees lose meal break time when responding to an emergency is in dispute. Captain White stated at his deposition that the deputies do not lose any time from their meal periods if they must respond to an emergency. Deputy Henson's deposition, on the other hand, states that he has not always been allowed to complete meal periods interrupted by an emergency. If the deputies lose their meal periods by responding to an emergency, then they are unable to pursue their meal periods adequately or comfortably. Because of these factual disputes, we cannot determine "whether during the meal periods the [deputies are] primarily occupied by their relaxation and consumption of food or [are] performing substantial duties that [prevent] their comfort and enjoyment." *Brinkman v. Dep't of Corrections,* 804 F.Supp. 163, 173 (D.Kan.1992). We therefore conclude that the issue of whether the time spent during the meal break predominantly benefits the deputies or the Department involves genuine issues of material fact that a jury should resolve.

The grant of summary judgment in favor of the police department in *Houser v. North Little Rock Police Department* is affirmed. The grant of summary judgment in favor of the employees in *Henson v. Pulaski County Sheriff Department* is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.