16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Janice Ann ATTWOOD, Appellee,
v.
CITY OF PINE BLUFF, ARKANSAS; Leonard Dale Hopper; Larry
McGee; Gary Wayne Barringer, Appellants.
 No. 93-1964.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 13, 1993.
Filed: February 8, 1994.
 
 Before FAGG, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's[1] denial of summary judgment requested by the appellants. We affirm.
 
 
 2
 Janice Ann Attwood and Kenneth Heroman were, at times relevant to this opinion, husband and wife. They resided together at 5806 South Cedar in Pine Bluff, Arkansas, until marital problems caused Attwood to move to an apartment.
 
 
 3
 Attwood returned to Cedar Street to reside for short periods of time on several occasions when she and Heroman made attempts at reconciliation. On March 29, 1991, Attwood went to the Cedar Street house to discuss the couple's income tax return. Yet another attempt at reconciliation occurred at that time which resulted in Attwood spending the night at the Cedar Street residence.
 
 
 4
 A dispute ensued the next morning. Heroman, a captain on the Pine Bluff Police Department, left for work while Attwood remained at the residence. She was still there when he completed his shift at 2:00 p.m. The fight continued until Heroman departed for his evening job at the Shamrock Bingo Parlor.
 
 
 5
 Heroman, tiring of the argument, wanted Attwood out of the Cedar Street house. He enlisted the aid of fellow officers at the Pine Bluff Police Department in this quest. It is undisputed that Assistant Chief Leonard Dale Hopper, Sergeant Larry McGee and Captain Gary Wayne Barringer went to Cedar Street to convince Attwood to leave voluntarily. It appears that Police Chief Bobby Brown, who dispatched the other officers to the scene, had contacted the county prosecutor for legal advice earlier in the evening. Purportedly, this contact resulted in advice that Attwood could be arrested for criminal trespass if she refused to vacate the premises voluntarily. This information was passed along to the officers who went to see Attwood.
 
 
 6
 A confrontation occurred between the officers and Attwood upon their arrival at Cedar Street at about 11:00 p.m. When Attwood claimed she was entitled to be in the marital home and refused to leave, she was arrested and charged with criminal trespass. She was handcuffed and transported to jail. Upon making bond, she was released. The charges against Attwood were later dismissed upon a motion of the prosecuting attorney to nolle prosequi the charge.
 
 
 7
 Understandably, Attwood was aggrieved by this activity and brought suit against the individual police officers and the City of Pine Bluff under 28 U.S.C. Sec. 1983 claiming violations of her Fourth, Sixth and Fourteenth Amendment rights. The appellants sought summary judgment, contending that the City had committed no constitutional violation and that the individual defendants were entitled to qualified immunity even if they had violated the Constitution.
 
 
 8
 The district court dismissed the Sixth Amendment claim but overruled the motion on all other grounds. Both the City and the officers appeal the qualified immunity ruling. Although the City argues in its brief on appeal that the district court erred in refusing to dismiss the municipal claim, this issue was not raised in the notice of appeal and is, therefore, not before us for consideration. See, e.g., Berdella v. Delo, 972 F.2d 204, 207-08 (8th Cir. 1992); Fed. R. App. P. 3(c). We note, however, that such a claim is very problematic under the facts of this action as we now understand them.
 
 
 9
 It is our view that the district court accurately analyzed the qualified immunity claim and properly denied the officers this defense pending trial on the merits. In this regard, we adopt the carefully reasoned opinion of the district court on the immunity issue and see no reason to discuss the matter in greater detail. See 8th Cir. R. 47B.
 
 
 10
 Accordingly, the ruling of the district court on the issue of qualified immunity is affirmed.
 
 
 
 *
 The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed
 
 
 [1]
 The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas