57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George HICKEY, Jr., Plaintiff-Appellant,
v.
Robert FICANO; et al., Defendants,
Hollom, Nurse, Defendant-Appellee.
 No. 94-1799.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 1
 E.D.Mich., No. 93-10209; Robert H. Cleland, District Judge.
 
 
 2
 E.D.Mich.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: NELSON and RYAN, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 5
 George Hickey, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Seeking monetary and injunctive relief, Hickey sued the Wayne County (Michigan) Sheriff Robert Ficano, Deputy Sheriff Melvin Turner, Dr. Rodgers, a dentist employed at the Wayne County Jail, and Ms. Hollom, a nurse at that jail. Hickey alleged that while he was incarcerated at the Wayne County Jail he became very ill and sought medical treatment. Hickey claimed that the defendants failed to adequately answer his requests for medical treatment until he became critically ill, at which time he was hospitalized and diagnosed as having diabetes and hypertension. Hickey alleged that Dr. Rodgers "botched" oral surgery that he performed on Hickey which required him to undergo further dental work which would not have been necessary if Rodgers had properly performed the oral surgery in the first place.
 
 
 7
 The district court dismissed the case against defendants Rodgers, Ficano and Turner pursuant to 28 U.S.C. Sec. 1915(d). The district court later granted summary judgment in favor of defendant Hollom and dismissed Hickey's lawsuit. In his timely notice of appeal, Hickey only indicated that he was appealing the district court's judgment against defendant Hollom dated June 14, 1994. In his pro se brief, Hickey continues to argue the merits of his claims against all the defendants.
 
 
 8
 Initially, we note that the only defendant properly before this court on appeal is defendant Hollom. Hickey did not name any of the other defendants in his notice of appeal by using their individual names or by using the term "et al.," and he only mentioned the district court's June 14, 1994, order and not its September 3, 1993, order dismissing the other three defendants. See Berdella v. Delo, 972 F.2d 204, 208 (8th Cir.1992); International Union, UAW v. United Screw & Bolt Corp., 941 F.2d 466, 471 (6th Cir.1991). Therefore, we will only consider Hickey's claims against defendant Hollom on appeal.
 
 
 9
 It is also noted that because Hickey sued the defendants in their official capacities alone, defendant Hollom is not subject to suit for monetary damages under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67-68 (1989).
 
 
 10
 Upon de novo review, we affirm the district court's grant of summary judgment in favor of defendant Hollom because there is no genuine issue of material fact and defendant Hollom is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 11
 Hickey has not demonstrated that Hollom was personally involved in his medical treatment. Because Hickey has not demonstrated that Hollom's conduct caused him to be injured or deprived of his constitutional rights, dismissal was proper as to this defendant. See Martinez v. California, 444 U.S. 277, 285 (1980); Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (per curiam), cert. denied, 502 U.S. 1032 (1992).
 
 
 12
 To the extent that Hickey's complaint alleges that Hollom is responsible based on her capacity as medical supervisor, Hickey has not demonstrated that Hollom was personally involved in, or authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct, Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989), and Hollom is not liable solely based on the theory of respondeat superior, as this theory no longer supports Sec. 1983 liability. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Even if Hollom did treat Hickey, he has not demonstrated that she was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 13
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation