**O.R.S. DISTILLING COMPANY,
Appellant,**

v.

**BROWN–FORMAN CORPORATION,
Appellee.**

No. 91–3419.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1992.

Decided Aug. 13, 1992.

Michael J. Furlong, Kansas City, Mo., argued (Thomas W. Wagstaff, on the brief), for appellant.

Ronald L. Holt, Kansas City, Mo., argued (Thomas E. Wack and Phillip G. Greenfield, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, PECK, Senior Circuit Judge,* and BEAM, Circuit Judge.

BEAM, Circuit Judge.

O.R.S. Distilling Co. (O.R.S.), a liquor wholesaler, filed suit against Brown–Forman Corp. (Brown–Forman), a liquor supplier, alleging that Brown–Forman's termination of its business relationship with O.R.S. violated Missouri law governing franchises. Brown–Forman moved for summary judgment, which the district court granted. O.R.S. appeals. We affirm.

## I. BACKGROUND

O.R.S. is a licensed liquor wholesaler under Missouri law. *See* Mo.Ann.Stat. § 407.-400(1) (Vernon 1990). Brown–Forman is a liquor supplier as defined by Missouri law. *See id.* Brown–Forman offers four product lines through separate domestic companies: Jack Daniels, B–F Spirits, Joseph Garneau, and California Cooler.

* The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

O.R.S.'s business relationship with Brown–Forman began in 1973 when O.R.S. purchased a competing liquor wholesaler in Kansas City, Missouri, thereby acquiring the right to distribute four Brown–Forman products. When O.R.S. later purchased a wholesaler in St. Joseph, Missouri, Brown–Forman granted the St. Joseph operation the right to distribute approximately thirty Brown–Forman products. O.R.S. and Brown–Forman conducted their business on an oral basis. Neither the original franchise agreement nor any subsequent modifications were in writing.

O.R.S. initially distributed products from the B–F Spirits and Joseph Garneau lines. Over the years, the Brown–Forman products available to O.R.S. for distribution varied at both the Kansas City and St. Joseph locations. In 1984, Lucian Piane, O.R.S. president, travelled to Louisville, Kentucky, to meet with Dan Schusterman, then Brown–Forman's national sales manager. At this meeting, Piane agreed that O.R.S. would relinquish its right to distribute products from the B–F Spirits line. In return, Schusterman assured Piane that O.R.S. would receive additional business from Brown–Forman in the future. Brown–Forman eventually granted O.R.S. the right to distribute the Parducci product line, which included about thirty brands of wine.

On September 29, 1987, O.R.S. received a notice from Brown–Forman that terminated O.R.S.'s right to distribute Brown–Forman products. The termination was effective ninety days from the date of the notice. O.R.S. filed suit contending that the termination violated Mo.Ann.Stat. § 407.413(2) which provides:

> Notwithstanding the terms, provisions and conditions of any franchise, no supplier shall unilaterally terminate or refuse to continue or change substantially the condition of any franchise with the wholesaler unless the supplier has first established good cause for such termination, noncontinuance or change.

Section 407.413(2) was enacted in 1975.

Brown–Forman eventually moved for summary judgment on the ground that section 407.413(2) did not apply to franchises formed before the statute was enacted and, because O.R.S. entered into a franchise agreement with Brown–Forman in 1973, O.R.S. improperly sought retroactive application of the statute. O.R.S. responded to the motion in part by asserting that it did not seek application of the statute to the original franchise agreement. Instead, O.R.S. sought application to subsequent franchise agreements between O.R.S. and Brown–Forman, which were formed when the conditions of the original agreement were changed.

Lacking guidance from the Missouri state courts, the district court followed the reasoning of another federal district court, which ruled that section 407.413(2) applied to franchises renewed or substantially altered after the statute's enactment. *See C & J Delivery, Inc. v. Emery Air Freight Corp.*, 647 F.Supp. 867, 870–71 (E.D.Mo. 1986). Applying this standard, the district court concluded that none of the events cited by O.R.S. constituted a renewal or substantial alteration of the franchise agreement. As a result, the court granted Brown–Forman summary judgment.

## II. DISCUSSION

On appeal, O.R.S. contends that the district court erred in granting summary judgment to Brown–Forman. In reviewing a grant of summary judgment, we apply the same standard as the district court. *E.g., Meyer v. Barnes*, 867 F.2d 464, 466 (8th Cir.), *cert. denied*, 493 U.S. 825, 110 S.Ct. 86, 107 L.Ed.2d 51 (1989). Summary judgment is proper where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Initially, O.R.S. contends that the issue of whether any of the changes to the franchise agreement were renewals or substantial alterations is a question of fact and not a question of law. The district court, therefore, should have submitted the issue to a jury.[1] To support its position, O.R.S.

---

1. Brown–Forman contends that O.R.S. waived this issue on appeal by failing to raise it before

cites various cases holding that the existence of a contract is a jury question. *See, e.g., Union Nat. Bank v. Federal Nat. Mortgage Ass'n,* 860 F.2d 847, 854–55 (8th Cir.1988); *Famous Brands, Inc. v. David Sherman Corp.,* 814 F.2d 517, 520–21 (8th Cir.1987). O.R.S.'s reliance on these cases, however, is misplaced. The existence of a contract is a jury question only to the extent that the facts surrounding the alleged contract are in dispute. Where the relevant facts are not in dispute, the existence of a contract is a question of law for the court. *Malcak v. Westchester Park Dist.,* 754 F.2d 239, 243 (7th Cir.1985); *Hullman v. Board of Trustees,* 725 F.Supp. 1536, 1551 (D.Kan.1989), *aff'd,* 950 F.2d 665 (10th Cir.1991); *cf. Vondras v. Titanium Research & Dev. Co.,* 511 S.W.2d 883, 886 (Mo.Ct.App.1974) (whether consideration sufficient to establish contract is question of law).

The material facts of the present case are not in dispute. Brown–Forman does not deny O.R.S.'s description of events. To the contrary, Brown–Forman relies on the deposition testimony of Piane, O.R.S. president, to support its motion for summary judgment. The only issue left for resolution is the legal effect of the changes to the original franchise agreement. This requires nothing more than the application of Missouri law to the undisputed facts of the case. The district court, consequently, did not err in failing to submit the issue of whether the changes constituted either a renewal or substantial amendment to a jury. *Cf. C & J Delivery Inc.,* 647 F.Supp. at 870–71 (resolving similar issue on summary judgment); *Rochester v. Royal Appliance Mfg. Co.,* 569 F.Supp. 736, 739–40 (W.D.Wis.1983) (same).

■ In the alternative, O.R.S. argues that the district court erred in holding that none of the changes to the original franchise agreement were renewals or substantial amendments. On appeal, O.R.S. identifies three changes that it contends were substantial amendments or new agreements. Brown–Forman responds in part by asserting that O.R.S. waived its argument as to two of these changes by failing to raise them before the district court.[2] We agree. A party may not assert new arguments on appeal of a motion for summary judgment. *See Felton v. Fayette School Dist.,* 875 F.2d 191, 192 (8th Cir. 1989); *Wayzata Bank & Trust Co. v. A & B Farms,* 855 F.2d 590, 594 n. 3 (8th Cir. 1988). As such, we address only the argument O.R.S. presented to the district court.[3]

■ According to O.R.S., the 1984 agreement between Piane and Schusterman constituted a substantial amendment of the franchise agreement. O.R.S. emphasizes that the loss of the B–F Spirits line resulted in an immediate seventy-five percent reduction in its business with Brown–For-

the district court. We do not agree. Although O.R.S. did not expressly state that the nature of the changes to the franchise agreement were genuine issues of material fact, O.R.S. clearly asserted that summary judgment was improper because such changes constituted new franchise agreements.

2. Brown–Forman also asserts that contrary to the district court's reasoning, section 407.413(2) does not apply where a preexisting franchise agreement is substantially altered. According to Brown–Forman, the section only applies where an agreement is renewed. Because we agree with the district court's conclusion that none of the changes to O.R.S.'s franchise agreement with Brown–Forman were substantial amendments, we need not address this issue of state law.

3. The two arguments not presented to the district court were (1) that Brown–Forman substantially amended the franchise agreement in 1985 by granting O.R.S. the exclusive right to distribute certain products in Kansas City and northwestern Missouri and (2) that Brown–Forman entered into a new franchise agreement when it granted the St. Joseph operation the right to distribute Brown–Forman products.

Although O.R.S. referred to the St. Joseph operation before the district court, it did so in the context of a different argument. In its brief opposing summary judgment, O.R.S. argued that every change in products offered through either the Kansas City or St. Joseph location created a new franchise agreement. On appeal, O.R.S. argues that a new franchise agreement arose when the St. Joseph operation initially received the right to distribute Brown–Forman products because the operation was a separate company with its own liquor license. This argument is fundamentally different than that presented to the district court.

man. O.R.S. ignores, however, that Brown–Forman promised to grant O.R.S. additional business in the future and did so. As such, O.R.S. merely exchanged one product line for another over an extended period of time. Piane himself admitted during his deposition that changes in products available to wholesalers were common in the liquor industry. Piane Deposition at 37.[4] Where the parties to a franchise agreement anticipate changes in product lines or brands over time, such changes do not constitute substantial amendments of the agreement. *See E.A. Dickenson & Assocs. v. Simpson Elec. Co.*, 509 F.Supp. 1241, 1247 (E.D.Wis.1981); *Swan Sales Corp. v. Jos. Schlitz Brewing Co.*, 126 Wis.2d 16, 374 N.W.2d 640, 645 (Ct.App. 1985).

Even if the reduction in O.R.S.'s business with Brown–Forman were considered by itself, it would not constitute a substantial amendment of the franchise agreement. The parties merely continued their franchise relationship on a smaller scale. *See Bitronics Sales Co. v. Microsemiconductor Corp.*, 610 F.Supp. 550, 557 (D.Minn. 1985); *Rochester*, 569 F.Supp. at 739. The district court, therefore, did not err in holding that the 1984 changes to the franchise agreement were not substantial amendments.

## III. CONCLUSION

For the reasons stated above, the order of the district court granting summary judgment to Brown–Forman is affirmed.

---

**4.** O.R.S. contends that Piane's testimony drew a distinction between changes in entire products lines and changes in brands within a product line. Piane only admitted that changes within product lines were common. We find no basis, however, for such a formalistic reading of Piane's testimony.