37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Charles P. MATTHEWS, Appellant,
v.
RIVERWOOD INTERNATIONAL CORPORATION, Appellee.
 No. 94-1542WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1994.
Filed: October 11, 1994.
 
 Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Charles Matthews, brings this action against the defendant, Riverwood International Corporation, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1001 et seq. Matthews argues that he was wrongfully denied disability benefits under Riverwood's retirement plan and its disability plan. The District Court[1] granted summary judgment for Riverwood. We now affirm.
 
 
 2
 We review a grant of summary judgment de novo. Usually, the question before this Court is whether the record, viewed in the light most favorable to the non-moving party, presents no genuine issue as to any material fact, so that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). However, this analysis is unnecessary in this case because Matthews's argument on appeal is not properly before us.
 
 
 3
 In the District Court, Matthews sought relief under two ERISA theories. First, he alleged that his claim for disability benefits was incorrectly denied under 29 U.S.C. Sec. 1132(a)(1)(B). Central to this claim was Matthews's argument that the District Court should review the decision to deny him disability benefits de novo, or, alternatively, that the denial of benefits was an abuse of discretion. Second, Matthews sought a penalty against Riverwood under 29 U.S.C. Sec. 1132(c) for failing to provide information that he had requested. The focus of this claim was a request by Matthews for the "objective criteria," Matthews v. Riverwood International Corporation, Civil No. 92-1024, slip op. at 9 (W.D. Ark. Jan. 28, 1994), used to determine that Matthews was not disabled.
 
 
 4
 The District Court granted Riverwood's motion for summary judgment, holding that Riverwood's decision to deny benefits must be reviewed under an abuse-of-discretion standard because the Retirement Plan gives unquestioned discretion to grant benefits to a Retirement Committee, and that the committee did not abuse its discretion in this case. Furthermore, the Court held that, while Matthews's request for "objective criteria" may have included documents that were not provided, the request was too vague to subject Riverwood to a penalty.
 
 
 5
 On appeal, Matthews does not challenge either of these holdings. His only argument is that the letters denying his applications for benefits violated ERISA because they did not state specific reasons for the denials. This fact, he contends, entitles him to a new hearing where he will be able to remedy the shortcomings of his prior applications. However, Matthews did not make this argument to the District Court and raises it for the first time now. As stated previously, the only arguments raised below were those addressing the proper standard of review, whether that standard had been met, and whether Riverwood had failed to provide requested information. As a result, the argument is waived, because, as this Court has consistently held, "a party may not assert new arguments on appeal of a motion for summary judgment." O.R.S. Distilling Co. v. Brown-Forman Corp., 972 F.2d 924, 926 (8th Cir. 1992). See also Dorothy J. v. Little Rock School Dist., 7 F.3d 729, 734 (8th Cir. 1993); Felton v. Fayette School Dist., 875 F.2d 191, 192 (8th Cir. 1989). We can notice "plain error" notwithstanding such a procedural omission, but we generally do so only to prevent a miscarriage of justice. We see no such situation here. Among other things, there was ample evidence before the decisionmakers to justify their exercise of discretion to deny this claim.
 
 
 6
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas