# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-3205

_____

Lester Cole; Donnie A. Bohac;                    *
Darlene M. Akins; Kenneth D.                     *
Akins; Theodis Alford; Larry G.                  *
Allison; Charles E. Anderson;                    *
David M. Bailey; Rodney M. Bailey;               *
Charles O. Barton; Billy R. Basham;              *
Ronald K. Belloir; Clarence Bennett;             *
Glenda J. Boggs; Boris Bolf; John                *
D. Bourisaw; Edward G. Branham Jr.;              *
Paul J. Branson; Jodie L. Brown; Keith           *
E. Buddemeyer; Ellen C. Bullock;                 *
Shelley M. Burnett; Grady L. Byers;              *
Linda Calhoun; Dorsey J. Campbell;               *
Henry R. Chatman; Alice F. Clinton;              *
Vonnie E. Coke Jr.; Virgil W. Conway;            *
Dennis R. Crawford; Jerry L. Crocker;            *
Daniel B. Dace; Jesse K. Degonia;                *
William L. Deweese; Jim W. Duncan;               *
Kenneth A. Durbin; Michael O. East;              *
Michael Eichenseer; Richard E. Elpers;           *
Terry D. Emory; Robert D. Farris;                *
Dale L. French; Randall K. Fryer;                *
Michael L. Fults; Linda Glover;                  *
Robert M. Goodson; Ronald L. Griffin;            *
Bruce A. Hammonds; Dennis R.                     *
Hardesty; Dennis K. Hill; John A.                *
Hood; Emerson B. House; Richard L.               *
House; Quentin Hudson; Charletta                 *
Hurst; Neil G. Huskey; Michael D.                *
Jackson; Phillip Jackson; Michael                *
Jarvis; Eugene M. Jett; Ethel B.                 *
Johnson; Johnny R. King; Dennis                  *

Kipping; Jack L. LaMar; Robert L.       *
Marshall; Louis Maxwell; Randy M.       *
Mays; Edward A. McClain; Johnnie        *
M. Melton; Donna G. Messmer; Nancy      *
L. Mittendorf; Margaret Morrow;         *
Robert D. Myers; Roy A. Nelson;         *
Danny J. Nixon; Donald Nolin; Dimitry   *
Oransky; Edward A. Parker; John W.      *
Picou; William H. Pierce Sr.; Otis Poe; *   Appeal from the United States
Michael J. Pruneau; William Record;     *   District Court for the Eastern
Delores Reed; Gary W. Renshaw;          *   District of Missouri.
Patrick J. Rhoads; Jerry E. Richardson; *
David G. Rosenbaum; Oliver T.           *
Rosener Jr.; Bobby D. Sales; Frances    *
A. Schmidt; Robert G. Schmidt;          *
Richard J. Schroeder; George E.         *
Sebree Jr.; Mary E. Shelby; Danny R.    *
Sigman; George H. Simpson; Danny        *
R. Smith; Lonnie P. Smith; Michael A.   *
Smith; Joe Sneed; Scott J. Sopher;      *
Hildagarde A. Spears; Steven M.         *
Steadman; Elmer C. Stevenson;           *
Clarence Stewart; Nolan R. Tinnin;      *
Steve R. Urban; Charles W.              *
Vollmer Sr.; Gary Wagner; Bonnie        *
R. Walls; Earnestine Watkins; Bradford  *
W. White; James L. Williams; Thomas     *
B. Wilson; Frank E. Winkler; Levi       *
Wright Jr.; Floyd L. Zinn;              *
Mark Zuniga,                            *
                                        *
            Plaintiffs-Appellants,      *
                                        *
        v.                              *
                                        *
International Union, United             *
Automobile, Aerospace & Agricultural    *

Implement Workers of America;                   \*
International Union, United                      \*
Automobile, Aerospace                           \*
& Agricultural Implement Workers                \*
of America, Local 110; International            \*
Union, United Automobile,                       \*
Aerospace & Agricultural Implement             \*
Workers of America,  Local 136;                 \*
DaimlerChrysler Corporation,[1]                 \*
                                                \*
      Defendants-Appellees.     \*

_____

Submitted: October 19, 2007
Filed: July 17, 2008

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellants, 119 recently retired employees of DaimlerChrysler Corporation (Chrysler) plants in St. Louis, brought suit against Chrysler and their local and international unions (the Unions) after Chrysler offered an early retirement opportunity through an Incentive Program for Retirement (IPR) that failed to apply retroactively to recent retirees. Appellants alleged that past practices created an implied contract term requiring Chrysler to include recent retirees in any IPR offers and that failure to do so constituted a breach of contract. As to the Unions, Appellants alleged the Unions breached a duty of fair representation by failing to require Chrysler

_____

[1] On August 20, 2007, Defendant DaimlerChrysler Corporation informed the court of a change in its name to "Chrysler LLC." We acknowledge the change but maintain the caption as originally filed.

-3-

to comply with past practices. The district court[2] granted summary judgment in favor of Chrysler and the Unions, reasoning that the IPR is part of an employee pension benefits plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and that Appellants failed to allege a breach of a *written* contract term, as required under ERISA. Because the appellants could not establish a breach of contract by Chrysler, the court concluded the claim against the Unions also failed because a breach of contract by the employer is an essential element of a claim alleging a breach of a union's duty of fair representation. We affirm.

I.     Background

Appellants worked at Chrysler plants in St. Louis, Missouri, and retired from Chrysler between September 30, 2003 and November 30, 2004. All were members of the Unions. During the time Appellants worked at Chrysler, the terms of their employment were governed by a Collective Bargaining Agreement entered into by Chrysler and the Unions. A Pension Agreement setting forth the terms of a Pension Plan was incorporated into the Collective Bargaining Agreement. In addition, a Letter Agreement Chrysler and the Unions reached in 2001 outlined the IPR, which was designed to encourage eligible workers to retire so as to reduce Chrysler's costs in certain markets. The 2001 Letter Agreement was incorporated into the Pension Agreement when it was renewed in 2003.

Chrysler made IPR offers available to St. Louis Chrysler workers twice in 2001 and twice in 2002. The terms of these offers followed those outlined in the 2001 Letter Agreement. Despite contrary terms in the Letter Agreement, however, each of these offers was made available to recent retirees, a practice widely known as a "sweep in." Between September 30, 2003 and December 10, 2004, Chrysler offered

_____

[2] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

IPR incentives in markets other than St. Louis, and most or all of these offers did not include sweep in provisions. On December 11, 2004, Chrysler and the Unions agreed to the new IPR offer for St. Louis workers; the offer did not include a sweep in provision for recent retirees. The terms of the December 2004 offer were more generous than those previously offered in St. Louis and differed from the terms included in the 2001 Letter Agreement.

After Chrysler and the Unions announced the St. Louis retirement incentive offer in December 2004, Appellants requested retroactive inclusion into the plan. Chrysler rejected the addition of a sweep in to the offer, and the Unions declined to pursue a grievance based upon that decision.

Appellants filed suit. They alleged Chrysler breached an implied term of the Collective Bargaining Agreement to sweep in recent retirees in IPR offers. They asserted the Collective Bargaining Agreement was amended by Chrysler's past practice of retroactively applying IPR offers to recent retirees. Appellants also brought a claim against the Unions, alleging the Unions breached the statutory duty of fair representation by failing to require Chrysler to comply with the past practice of including sweep ins in IPR offers. Both causes of action arise under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Chrysler and the Unions moved for summary judgment, arguing that because the IPR is part of a pension plan governed by ERISA, and such plans can only be amended in writing, Appellants could not rely on an alleged breach of an implied term of the Collective Bargaining Agreement for their cause of action. In responding to the motion for summary judgment, Appellants did not address whether ERISA governed the IPR. Appellants claimed that ERISA coverage was irrelevant, and instead argued that ERISA does not preempt federal labor law. The district court concluded the IPR is part of a pension plan governed by ERISA and granted summary judgment in favor of Chrysler and the Unions. This appeal followed.

II.    Discussion

    A.    Waiver

    Chrysler contends Appellants are barred from challenging the applicability of ERISA to the IPR on appeal because they did not contest the issue below.  Appellants contend they did contest ERISA's applicability.

    In general, "this court will not consider arguments raised for the first time on appeal."  Wiser v. Wayne Farms, 411 F.3d 923, 926 (8th Cir. 2005) (quotation omitted).  As such, a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment.  See Action Tapes, Inc. v. Mattson, 462 F.3d 1010, 1014 (8th Cir. 2006) (declining to reverse a grant of summary judgment based upon an argument not raised below); O.R.S. Distilling Co. v. Brown-Forman Corp., 972 F.2d 924, 926 (8th Cir. 1992) (stating that the party opposing summary judgment waived arguments by failing to present them to the district court).  We may notice plain error despite a failure to raise the issue below, "but we generally do so only to prevent a miscarriage of justice."  Matthews v. Riverwood Int'l Corp., 37 F.3d 1502 (8th Cir. 1994) (unpublished) (per curiam); see also St. Mary's Hosp. v. Leavitt, 416 F.3d 906, 915 n.8 (8th Cir. 2005) (noting the court found no plain error after rejecting a party's attempt to raise an issue on appeal that was not presented to the district court).

    Chrysler based its motion for summary judgment on the application of ERISA to the IPR, squarely presenting the issue to Appellants.  Appellants chose not to address the issue of ERISA's applicability to the IPR, describing the question as "interesting," but concluding "it is ultimately irrelevant in deciding [Chrysler's] Motion for Summary Judgment in the case at bar."  Appellants noted that their complaint did not "invoke ERISA coverage, or dispute ERISA coverage for that

matter." Appellants stated they were "tempted to concede that the IPR is within the purview of ERISA," but they did not explicitly so concede.

We conclude Appellants did not sufficiently present an argument against the applicability of ERISA to the IPR in the district court to preserve their right to do so on appeal. Their argument is therefore waived. We find no miscarriage of justice warranting further analysis.

B.    ERISA Applicability

Even if we were to consider the merits of Appellants' argument, however, their appeal fails. "[W]hether an employee benefits plan is governed by ERISA is a mixed question of fact and law which we review de novo." Petersen v. E.F. Johnson Co., 366 F.3d 676, 678 (8th Cir. 2004). We conclude the district court did not err in finding the IPR is part of an ERISA-governed employee pension plan.

An ERISA-governed employee pension benefit plan is defined, in relevant part, as "any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that by its express terms . . . such plan, fund, or program . . . provides retirement income to employees." 29 U.S.C. § 1002(2)(A). The Supreme Court has emphasized that ERISA governs benefit *plans*, not *benefits* standing alone. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 7–8, 11–12 (1987). As such, to qualify as a "plan" under ERISA, an employer's pension program must involve an ongoing administrative scheme. Id. at 11–12. We have previously identified a number of factors to consider in determining whether a plan has the requisite administrative scheme to qualify as an ERISA benefit plan. Petersen, 366 F.3d at 679. These include: (1) whether the income is provided in a lump-sum payment or over time; (2) whether the employer undertook any long-term obligations; (3) whether the benefits come due upon the occurrence of a single, unique event; and

(4) whether the contested program required the employer to engage in a case-by-case review of employees.  Id.

Much of Appellants' argument against ERISA coverage turns on whether the December 2004 IPR offer is a stand-alone provision or part of a larger benefit plan. Appellants view the IPR offer in isolation; they define the plan as only the 2004 retirement incentive offer to St. Louis employees.  We conclude such a compartmentalized approach is improper.

We faced a similar challenge in Stearns v. NCR Corp., 297 F.3d 706 (8th Cir. 2002).  In Stearns, the parties contested whether an enhanced retirement program was an amendment to a pre-existing employee welfare benefit plan or "an independent ERISA plan, separate from the broader Group Benefits Plan."  Id. at 711. We concluded that the retirement program was an amendment to the existing plan, and not an independent ERISA program.  Id.  In reaching our decision, we considered the following factors: (1) the materials explaining the retirement program required reference to the existing plan for comprehension; (2) the retirement program materials specifically referenced the existing plan; and (3) the documents adopting the retirement program specified it was an amendment to the existing benefit plan. Id; see Wilson v. Moog Auto., Inc. Pension Plan, 193 F.3d 1004, 1008 (8th Cir. 1999) (finding a plant-closing agreement to be part of an ERISA plan when the plan referenced and attempted to incorporate the closing agreement and the plant-closing agreement directed readers to consult an existing ERISA plan).

Because the 2004 St. Louis IPR offer is one of a series of IPR offerings Chrysler and the Unions bargained for using the Letter Agreement as a foundation, it is myopic to view the 2004 St. Louis offer in isolation.  The offer must be viewed in the larger structure of the Pension Agreement to make sense.  Only those eligible for other pension benefits could qualify for this, or any other, IPR offer.  Moreover, the IPR is an "Incentive *Program* for Retirements." As evidenced by the multiple

offerings with different terms at different locations, IPR is a program, not an isolated offering at any one location. And, the IPR *program* was premised upon the Letter Agreement, which was incorporated in the Pension Agreement in 2003. As such, we conclude the district court did not err in treating the December 2004 IPR offer as part of the larger Pension Agreement and not as a stand-alone ERISA program.

Without question, the Pension Agreement, incorporating the IPR, constitutes an employee benefit plan under ERISA. It clearly involves an ongoing administrative regime and meets the standards outlined in Petersen, 366 F.3d at 679. Because the IPR is part of an ERISA-governed plan, Appellants' claims against both Chrysler and the Unions fail as (1) it is undisputed that an ERISA-governed plan can only be amended in writing, see Walker v. Nat'l City Bank of Minneapolis, 18 F.3d 630, 632 (8th Cir. 1994) ("Congress expressly required that all [ERISA plan] terms, in order to be enforceable, be written."), and Appellants allege Chrysler breached an implied term, not a written term, and (2) a breach of contract by the employer is a necessary prerequisite to a claim against a union for a breach of the union's duty of fair representation, Scott v. UAW, 242 F.3d 837, 840 (8th Cir. 2001) (stating that employee must prove both a breach by the employer and a breach of duty of fair representation by the union to succeed in a fair representation claim against a union).

III. Conclusion

For the reasons outlined above, we affirm the judgment of the district court.

_____