# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3661

_____

Painters District Council No. 2; Joseph Barrett, In His Capacity as Business
Manager of Painters District Council No. 2; Painters District Council No. 2
Pension Trust; Painters District Council No. 2 Welfare Trust; Painters District
Council No. 2 Vacation Trust; Painters District Council No. 2 Apprenticeship and
Journeyman Training Trust, By and Through; Joseph Barrett; Gene Kappler;
William Boevingloh; Donald Thomas; Daniel Hanson; David Doerr; Carl Farrell;
Michael Slattery; Michael Smith; Joseph Keipp; Mark Borgmann; Frank
Wojehowski; Daniel Wienstroer; Tim Wies; Daniel Melchior; Fred Phillipp, Jr., In
Their Representative Capacities as Trustees of the Painters District Council No. 2
Pension, Welfare, Vacation and Apprenticeship and Journeyman Training Trusts

*Plaintiffs - Appellees*

v.

Anthony's Painting, LLC

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2012
Filed: December 11, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony's Painting appeals the district court's[1] adverse grant of summary judgment and denial of its motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), or alternately to obtain relief from the judgment under Federal Rule of Civil Procedure 60(b) ("Rule 59(e)/60(b) motion"). We affirm.

Painters District Council No. 2 ("Union") is a labor union comprised of professional painters. The Union established four benefit trusts for its members (collectively "Trusts"). Anthony's Painting entered into a collective bargaining agreement ("CBA") with the Union. It is undisputed that under the terms of the CBA, Anthony's Painting was required to make weekly contributions to the Trusts based on the hours worked by Union members. After Anthony's Painting stopped submitting timely contributions, the Union and the Trusts brought suit under the Labor Management Relations Act and the Employee Retirement Income Security Act, respectively. The Union then filed an unfair labor charge with the National Labor Relations Board ("NLRB"). While a motion for summary judgment filed by the Union and the Trusts was pending, the NLRB issued a decision and order ("NLRB judgment"). The NLRB judgment ordered Anthony's Painting to resume complying with the terms of the CBA and to make all past-due trust contributions.

The Union and the Trusts moved to file the NLRB judgment as a supplemental authority to their pending motion for summary judgment. Anthony's Painting did not file a memorandum in opposition. The district court accepted the supplemental authority and, one week later, granted summary judgment against Anthony's Painting. Anthony's Painting moved for relief under Rule 59(e) or Rule 60(b), on the grounds that the recent NLRB judgment had preclusive effect on the lawsuit, barring the

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

district court from ordering any further relief. The district court denied the Rule 59(e)/60(b) motion, and Anthony's Painting appealed.

Anthony's Painting claims summary judgment was inappropriate due to supposed procedural errors the district court committed when it considered the NLRB judgment. Because Anthony's Painting did not present these arguments to the district court, we will not consider them on appeal. *See Cole v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Amer.*, 533 F.3d 932, 936 (8th Cir. 2008) ("[A] party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment."). Although we nonetheless may elect to consider the arguments if it would prevent a miscarriage of justice, *see id.*, the circumstances do not warrant our exercise of this discretion. The NLRB judgment was issued on August 25, 2011. The Union and the Trusts moved for leave to file the NLRB judgment as supplemental authority on September 1, 2011. The court granted that motion on September 12 and did not grant summary judgment until September 19, 2011. Anthony's Painting had sufficient opportunity to raise these arguments to the district court prior to judgment but failed to do so. Anthony's Painting did not brief this court as to how the district court erred in disposing of the arguments it did present prior to summary judgment, and we affirm on the basis of the district court's well-reasoned order granting summary judgment. *See* 8th Cir. R. 47B.

Nor did the district court err in denying the Rule 59(e)/60(b) motion. Rule 59(e) provides litigants with a narrowly constrained opportunity to present newly discovered evidence or obtain correction of a "manifest error[] of law." *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011). We review a district court's denial of relief under Rule 59(e) for abuse of discretion. *Id.* According to Anthony's Painting, the district court committed a manifest error of law when it granted summary judgment because under the doctrines of *res judicata* and collateral estoppel, the entry of the NLRB judgment barred the district court from entering a

-3-

judgment in the lawsuit. The district court denied the motion based on the settled law of this circuit that a Rule 59(e) motion cannot serve as a vehicle for new legal theories or arguments "which could have been offered or raised prior to the entry of judgment." *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006).

We need not reach the merits of the preclusion claims because Anthony's Painting waived these arguments by failing to raise them prior to the entry of summary judgment. Anthony's Painting did not assert that it was unaware of either the NLRB judgment or the Union's and Trusts' motion to file it as supplemental authority. While a footnote to the Rule 59(e)/60(b) motion referred to a left ankle fracture suffered by its counsel on September 5, 2011, which forced counsel to remain out of the office for the rest of the month, Anthony's Painting failed to articulate to the district court how this injury prevented it from raising its preclusion arguments, or at least requesting additional time to respond, at some point during the time period from August 25 through September 19. The district court did not abuse its discretion in determining that Anthony's Painting was improperly attempting to raise an argument it could have raised prior to judgment. *See Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993).

Anthony's Painting also sought relief from the judgment under Rule 60(b). "A district court's denial of a motion under Rule 60(b) is reviewed for abuse of discretion." *St. Charles Tower, Inc. v. Kurtz*, 643 F.3d 264, 268 (8th Cir. 2011). Anthony's Painting did not cite any particular subsection of Rule 60(b) as grounds for relief. The district court assumed the claim was based on the catchall category in Rule 60(b)(6). Relief from a judgment under Rule 60(b)(6) should be granted "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim." *Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). "Ignorance or carelessness of an attorney is generally not cognizable under

Fed.R.Civ.P. 60(b)."  *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975).  As discussed above, Anthony's Painting established no legitimate impediment to its ability to litigate the preclusion claims prior to the final judgment.  The district court did not abuse its discretion in finding a lack of "exceptional circumstances."

The Union and the Trusts also have filed a motion for an award of attorney's fees and double costs under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. §§ 1912, 1927.  The result of the appeal was not necessarily "obvious" or "wholly without merit," and therefore we deny the motion.  *See Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006) (quoting *Newhouse v. McCormick & Co.*, 130 F.3d 302, 305 (8th Cir. 1997)).

For the foregoing reasons, we affirm the decision of the district court.

_____