# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 19-3637

———————————————

Jeffrey McMahon

*Plaintiff - Appellant*

v.

Robert Bosch Tool Corp.; Lowe's Home Centers

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 14, 2021
Filed: July 20, 2021

——————————

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

——————————

SMITH, Chief Judge.

Jeffrey McMahon suffered injuries to his right hand while using a RotoZip Model RZ20 hand-held spiral saw ("saw"). McMahon sued Robert Bosch Tool Corporation ("Bosch"), the manufacturer, and Lowe's Home Centers, LLC ("Lowe's"), the retailer, using strict liability and negligence products liability theories. McMahon alleged that he was injured when the saw's auxiliary handle spontaneously

detached from the saw's body. The district court[1] granted Lowe's and Bosch's joint motion to bar the opinions of McMahon's expert, Philip Buckley. The court also granted their joint motion for summary judgment on all claims. McMahon seeks reversal of both decisions. We affirm.

## I. *Background*

The saw includes a detachable auxiliary handle. As designed, the saw requires the user to take two actions in order to remove the handle. First, the user must slide a lock pin to one side. Then, while holding the lock pin, the user must depress a separate handle-release button. According to McMahon, his injury occurred when the handle detached from the saw without McMahon having performed either of these two actions.

McMahon sued Bosch and Lowe's for design defect (under strict liability and negligence theories), negligent failure to warn, and negligent supply of a dangerous instrumentality. He alleged that the saw was defective because (1) the removable handle involuntarily detached from the base of the saw due to defective components and design, and (2) it lacked an interlock device that would automatically terminate rotation on the saw if the handle was removed while the saw was in motion.

McMahon retained Philip Buckley, a mechanical engineer, as an expert witness. Buckley intended to offer the following opinions:

> (1) the handle connections on the saw are defective and caused the release of the saw that injured McMahon; (2) the handle connection design is defective and its failure is highly foreseeable because (a) the connection method on the movable latch invites wear and is susceptible to wear induced tolerances that reduce handle hold force, (b) wear and tear

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

-2-

reduces the holding force available, and (c) the two-factor locking scheme is reduced to a one-factor locking scheme in some cases . . . . [And] the handle release button's placement on the saw is defective because it promotes user thumb placement on the button, and the saw should have had an interlock device to stop the motor once the auxiliary handle detached.

*McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-00583-SRC, 2019 WL 5727340, at \*2 (E.D. Mo. Nov. 5, 2019).

Bosch and Lowe's moved to exclude Buckley's opinions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Additionally, they moved for summary judgment. The district court granted both motions and dismissed the case. McMahon appeals.

## II. *Discussion*

McMahon makes two arguments on appeal. First, he argues that the district court abused its discretion by granting Lowe's and Bosch's motion to bar McMahon's expert witness. Second, McMahon contends that, regardless of whether the district court abused its discretion in granting Bosch and Lowe's *Daubert* motion, summary judgment was improper. We disagree.

### A. *Motion to Exclude Expert Testimony*

First, McMahon argues that Buckley should be permitted to opine as to the saw's alleged design and warning defects. We review a district court's decision to bar expert testimony for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997); *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 415 (8th Cir. 2005) ("Decisions concerning the admission of expert testimony lie within the broad discretion of the trial court, and these decisions will not be disturbed on appeal absent an abuse of that discretion." (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003))).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *First Union Nat'l Bank v. Benham*, 423 F.3d 855, 861 (8th Cir. 2005). An expert's opinion will be admissible if

> [1] the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; [2] the testimony is based on sufficient facts or data; [3] the testimony is the product of reliable principles and methods; and [4] the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

### 1. *Design Defects*

The district court did not abuse its discretion when it barred Buckley from testifying as an expert regarding the saw's alleged design defects.

In his complaint, McMahon alleged that the saw was defective because (a) the removable handle *involuntarily* detached from the base of the saw due to defective components and design, and (b) it lacked an interlock device that would automatically terminate rotation on the saw if the handle was removed while it was in motion. Buckley's opinion would have asserted that the saw was defective for these two independent reasons.

### a. *Handle's Design*

McMahon claimed that the saw's auxiliary-handle design defect caused it to detach from the saw—without McMahon sliding the lock pin or depressing the handle-release button. Here, one point is dispositive: Buckley's proposed opinion lacked relevance as it did not fit the facts of this case. *Cf. Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1083 (8th Cir. 1999) ("Of course, the *Daubert* reliability factors should only be relied upon to the extent that they are relevant . . . .").

"Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to ensure that any and all scientific testimony is . . . relevant." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (cleaned up). "An expert opinion that fails to consider the relevant facts of the case is fundamentally unsupported" and "can offer no assistance to the jury"; accordingly, it should be excluded. *Neb. Plastics*, 408 F.3d at 416; *see also Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 694 (8th Cir. 2001).

McMahon maintained that the saw's removable handle involuntarily detached from the base of the saw when he neither slid the lock pin *nor* depressed the release button. In contrast, Buckley's proposed opinion assumed a materially different fact—that McMahon *did* press the handle-release button. In fact, in his deposition, Buckley acknowledged that he did not even know whether it was possible for the saw's handle to detach without depression of the release button "because [he] didn't try it." Pl.'s Mem. Opp'n, Ex. 1, at 82, *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-00583-SRC (E.D. Mo. 2019), ECF No. 66-1. Thus, his opinion did not rely on the facts of the case.

The district court did not "manipulate[] the facts of the case in order to find that Mr. Buckley's opinions were not relevant," as McMahon contends. Appellant's Br. at 19. Rather, McMahon mischaracterizes his own deposition testimony by claiming to have testified that "he 'could have'" pressed the release button. Appellant's Reply Br. at 13 (quoting Defs.' Statement of Material Facts, Ex. C, at 25, *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-00583-SRC (E.D. Mo. 2019), ECF No. 84-3). But McMahon was resolute during his deposition that he did not depress the button. Although he "guess[ed] it was physically possible" to press the release button while

holding the saw, he maintained that he did not. Defs.' Statement of Material Facts, Ex. C, at 25.[2]

McMahon cites *Lauzon* for support. However, that case is distinguishable. The plaintiff in *Lauzon* injured his hand while using a nail gun. 270 F.3d at 684. The nail gun was designed to rapidly fire nails when the operator depressed the trigger and contacted the nail gun's tip with another surface. *Id.* The plaintiff recollected, though "uncertain of all the details," that the nail gun had fired without having contacted another surface. *Id.* The plaintiff's expert tested whether this was possible but found it was not. *Id.* at 685. However, the expert also explained that the way the accident actually must have occurred was consistent with the plaintiff's perception that the nail gun had fired in mid-air. *Id.* Thus, the expert's testimony was ultimately consistent

---

[2]McMahon testified:

> Q. Okay. Did you ever depress the handle release button, before this accident, on the tool?
>
> A. No.
>
> Q. You would never do that?
>
> A. No.
>
> Q. That would be dangerous?
>
> A. Yeah. I didn't even know how—well, I guess I could. I guess it was physically possible.
>
> Q. But you didn't do that?
>
> A. No.

*Id.* (emphasis omitted).

with the plaintiff's, as well as the sole eyewitness's who "clearly remember[ed]" the nail gun contacting the surface. *Id.* at 695.

Here, Buckley, unlike the expert in *Lauzon*, failed to show whether it was possible for the accident to have occurred as McMahon testified that it did. In fact, Buckley did not even "try" to disconnect the saw's handle without depressing the release button, which McMahon testified is how the accident occurred. Pl.'s Mem. Opp'n, Ex. 1, at 82. And unlike the plaintiff in *Lauzon*, McMahon did not claim to be uncertain of the details. Rather, McMahon adamantly maintained that he did not depress the release button. Further distinguishing this case from *Lauzon*, Buckley's assumption was not corroborated by another witness.

### b. *Interlock Device*

McMahon also alleges that the saw was defective for not having an interlocking-device safety measure that would stop the saw's motor if the handle became detached. This alleged defect is independent of the operation of the release button. Curiously, McMahon does not address this alternative design in his brief. He thus has not explained how Buckley's opinion regarding an alternative design incorporating an interlock device is reliable. Rather, in his brief, and then in his reply, McMahon focuses on the alternative design of a screw-on handle. And the concluding sentence, "Buckley cited numerous other alternative designs," does not meaningfully advance his argument. Appellant's Reply Br. at 8; *see Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007) ("[P]oints not meaningfully argued in an opening brief are waived.").

Even if McMahon preserved this argument, the district court did not abuse its discretion by concluding Buckley's alternative-design opinion was unreliable when Buckley (1) did not show "that his proposed modifications [we]re feasible or that they would not interfere with the saw's utility"; (2) "failed to adequately develop his theories" as more than "mere ideas"; (3) did "not prepare[] any alternative designs in

-7-

drawings, computer models, or prototypes"; (4) did not show any existing products incorporating the feature that he described; and (5) did not present any studies or scientific literature supporting his theories. *McMahon*, 2019 WL 5727340, at \*8; *see Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 846 (8th Cir. 2001) ("We have recognized that when a plaintiff's sole proof of a defective design is the designer's choice not to pursue a safer design, the evidentiary burden is on the plaintiff to show that the safer alternative design he advocates actually exists.").[3]

## 2. *Negligent Failure to Warn*

The district court did not abuse its discretion in barring Buckley from providing an opinion on the sufficiency of the saw's warnings. McMahon argues that Buckley should have been permitted to testify regarding the warnings because Buckley "believes that the warnings are deficient in the way in which the manual is written and in the way in which it warns." Appellant's Br. at 24.

But Buckley testified that McMahon had not retained him to opine on the warnings[4] and that he did not have an opinion as to whether the warnings in the

---

[3] *Cf. Dancy v. Hyster Co.*, 127 F.3d 649, 653–54 (8th Cir. 1997) (upholding a grant of summary judgment against a plaintiff who alleged that a lift truck was unreasonably dangerous because it lacked a safety device but failed to provide expert testimony to support the proposition that a feasible safety device existed); *Jaurequi*, 173 F.3d at 1084 (affirming exclusion of expert who was prepared to testify that a device was unreasonably dangerous because it lacked "awareness barriers" but "ha[d] not attempted to construct or even draw the [barriers], much less test its utility as a safety device or its compatibility with the [device's] proper function . . . [n]or . . . pointed to any manufacturer that incorporate[d the] awareness barriers into . . . similar farming machinery").

[4] Pl.'s Mem. Opp'n, Ex. 1, at 31 ("I think the warnings in the manual are another area of concern that I haven't been asked to look into . . . .").

manual were deficient.[5] Thus, the district court did not abuse its discretion by barring Buckley from opining on the saw's warnings.

## B. *Motion for Summary Judgment*

The district court granted Lowe's and Bosch's motion for summary judgment on McMahon's claims of strict products liability, negligent design, negligent failure to warn, and negligent supply of a dangerous instrumentality. The district court concluded that the claims involved such "complex or technical" information that they required expert testimony; accordingly, Buckley's exclusion was fatal to McMahon's claims. *McMahon*, 2019 WL 5727340, at *3. We affirm.

We review the grant of summary judgment de novo. *Bachtel v. TASER Int'l, Inc.*, 747 F.3d 965, 969 (8th Cir. 2014). We "view[] the evidence in the light most favorable to [the] nonmovant . . . and giv[e] [him] the benefit of all reasonable inferences." *Id.* at 969–70. The movant must "show[] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law."

---

[5]Buckley testified:

> Q. So you don't have any opinion as to whether or not the manual Mr. McMahon looked at on the morning of his accident or the night before the accident was in any way defective because you don't even know what it said?

> A. I don't know about that particular thing, right.

> Q. Am I right, you have no opinion that the manual that came with this tool that Mr. McMahon looked at the night before and the morning of this accident was in any way deficient?

> A. I don't currently have that opinion.

*Id.* at 87 (bold omitted).

*Id.* at 970 (quotation omitted). At the same time, "[a] district court's determination that expert testimony is necessary on an issue is reviewed for abuse of discretion." *Id.*

McMahon argues that Buckley's expert testimony was not necessary in this case, and thus summary judgment was improper, asserting (1) "[t]here is direct evidence of causation in this case because . . . McMahon personally observed the auxiliary handle involuntarily detach from the tool" and (2) even if we "ignore[] the only direct evidence in the case regarding what caused the injury, . . . juries may infer causation . . . under a res ipsa [loquitur]-type theory." Appellant's Br. at 28, 30 (emphasis omitted).

These arguments are one and the same: McMahon asks us to hold that expert testimony is not needed because a jury could infer causation from McMahon's account under a res ipsa loquitur-type theory. McMahon is correct that "[i]t is well-established under Missouri law that juries may infer causation and the existence of product defects based on circumstantial evidence under a res ipsa [loquitur]-type theory such that some product liability claims may be submitted to juries without expert testimony that identifies specific product defects." *Hickerson v. Pride Mobility Prods. Corp.*, 470 F.3d 1252, 1258 (8th Cir. 2006) (emphasis omitted). However, McMahon did not make this argument before the district court. This argument is noticeably absent from his response to Lowe's and Bosch's motion for summary judgment.[6]

---

[6]In his response to the motion for summary judgment, McMahon stated that it "is absolutely incorrect" that he "failed to present evidence that the defectively designed latch and catch system . . . proximately ca[u]sed Plaintiff's injuries" because *his* "*expert* specifically concluded . . . 'The handle connections on this tool are defective and caused the release of the tool that caused injury to Mr. McMahon.'" Pl.'s Resp. Opp'n Summ. J. at 2, *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-00583-SRC (E.D. Mo. 2019), ECF No. 87 (emphasis added) (quoting Pl.'s Mem. Opp'n, Ex. 2, at 5, *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-00583-SRC (E.D. Mo. 2019), ECF No. 66-2). McMahon continued to rely on Buckley, rather than

We generally "do[] not entertain new arguments on appeal from the grant of summary judgment." *Engelhardt v. Qwest Corp.*, 918 F.3d 974, 982 (8th Cir. 2019) (quotation omitted); *O.R.S. Distilling Co. v. Brown-Forman Corp.*, 972 F.2d 924, 926 (8th Cir. 1992) ("A party may not assert new arguments on appeal of a motion for summary judgment."). We decline to do so here. *See Dunn v. Nexgrill Indus., Inc.*, 636 F.3d 1049, 1058 (8th Cir. 2011) (explaining that an adverse grant of summary judgment was proper regarding the appellants' design defect claim when they failed to offer any admissible evidence of a defect and that they could not recover under a res ipsa theory when they did not plead that theory of liability). Thus, the district court did not abuse its discretion in granting the appellees' motion for summary judgment.

## III. *Conclusion*

We affirm the district court's order granting Lowe's and Bosch's motions (A) to bar Buckley as an expert and (B) for summary judgment.

———————————————

arguing that Buckley was not necessary to prove his claims. Nowhere did he argue that summary judgment was improper regardless of whether Buckley was excluded.