# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2953

———————————————

Twin Med LLC

*Plaintiff - Appellee*

v.

Skyline Healthcare LLC

*Defendant - Appellant*

Pro Procurement Services LLC

*Defendant*

Joseph Schwartz; Searcy Holdings LLC, doing business as Searcy Health and Rehab; Lonoke Healthcare Center and Rehabilitation Facility LLC, doing business as Grand Prairie Care and Rehabilitation

*Defendants - Appellants*

Spring Place Healthcare & Rehabilitation Center LLC

*Defendant*

Broadway Health Holdings LLC, doing business as Broadway Health and Rehabilitation, doing business as Broadway Holdings LLC; Laurel Brook Healthcare & Rehabilitation Center LLC

*Defendants - Appellants*

Dierks Healthcare & Rehabilitation Center LLC

*Defendant*

Highlands of Little Rock West Markham LLC, doing business as Highlands of Little Rock at Midtown Therapy and Living Center; Highlands of Mountain View SNF Holdings LLC, doing business as Highlands of Mountain View Therapy and Living Center; Magnolia Health Holdings LLC; White Hall Holdings LLC, doing business as White Hall Health and Rehab; Linrock Health Care and Rehabilitation Center LLC; Batesville Holdings LLC, doing business as Batesville Health and Rehab LLC; Heritage of Hot Springs Holdings LLC, doing business as Heritage of Hot Springs, doing business as Hot Springs Holding LLC; Mine Creek Holdings LLC, doing business as Mine Creek Health and Rehab; Highlands of Fort Smith Holdings LLC, doing business as Highlands of Fort Smith Therapy and Living Center; Jonesboro Holdings LLC, doing business as Jonesboro Health and Rehab LLC; Highlands of Stamps Holdings LLC, doing business as Highlands of Stamps Therapy and Living Center; Highlands of Stamps LLC, doing business as Highlands of Stamps Therapy and Living Center; Highlands of Rogers Dixieland Holdings LLC, doing business as Highlands of Northwest Arkansas Therapy and Living Center; Creekside Health Holdings LLC, doing business as Creekside Health and Rehab, doing business as Creekside Holdings LLC; Lindley HealthCare and Rehabilitation Center LLC, doing business as Lindley Healthcare and Rehabilitation Center; Crown Point HealthCare & Rehabilitation Center LLC

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: December 12, 2023
Filed: February 23, 2024
[Unpublished]
_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Twin Med LLC distributes disposable medical supplies. Skyline Healthcare LLC, whose sole member is Joseph Schwartz, operated nursing homes throughout the country. In late 2016 or early 2017, Twin Med began providing Skyline with disposable medical supplies.

In November 2017, Twin Med and Skyline executed a medical supply agreement. Skyline entered into the agreement on behalf of itself and numerous nursing homes throughout the country. In the agreement, Joseph Schwartz "personally guarantee[d] the prompt, full and complete payment of all unpaid, past due invoices, and any other liabilities relating to, or arising out of, this Agreement."

Twin Med supplied Skyline in accordance with the agreement, but Skyline eventually stopped paying Twin Med for its products. Twin Med then sued Skyline, Schwartz, and many of the nursing homes they ran (collectively, "Skyline"). Twin Med alleged several claims for relief in its operative complaint,[1] including a breach-of-contract claim against Skyline for failure to pay Twin Med and a breach-of-contract claim against Schwartz for refusing to pay on his personal guarantee.

The district court[2] granted summary judgment to Twin Med on both breach-of-contract claims. Skyline appeals, raising three arguments which we review *de novo*. *See Houston v. Saint Luke's Health Sys., Inc.*, 76 F.4th 1145, 1149 (8th Cir. 2023). "We will affirm if the evidence, viewed in the light most favorable to the non-moving party, shows that no dispute of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.*

---

[1]We grant Twin Med's motion to supplement the record with the email containing the district court's ruling that granted Twin Med's motion for leave to file an amended complaint.

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

First, Skyline argues that the district court erred in granting summary judgment on the breach-of-contract claim against it because the undisputed facts did not establish the existence of a contract. Skyline says that Sam Rosenbaum, the man who signed the medical supply agreement on Skyline's behalf, lacked authority to bind the company. This argument fails because Skyline admitted in its answer that it entered into the medical supply agreement with Twin Med. "[A]dmissions contained in pleadings are binding," even when "the admitting party later produce[s] evidence contrary to those admissions." *Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990); *see Nat'l Sur. Corp. v. Ranger Ins.*, 260 F.3d 881, 886 (8th Cir. 2001) ("Factual statements in a party's pleadings are generally binding on that party unless the pleading is amended."). Thus, Skyline is bound by its admission that it entered into the medical supply agreement with Twin Med.

Second, Schwartz argues that the district court erred in granting summary judgment on the personal-guarantee claim because the undisputed facts do not establish that he signed the guarantee. Schwartz testified that he had no recollection of signing the personal guarantee and that it was his practice never to sign such guarantees. Yet Schwartz admitted in his answer that he had "signed and agreed to personally guarantee 'the prompt full and complete payment of all unpaid, past due invoices and any other liabilities relating, or arising out of' the Agreement." The answer further admits that "Schwartz signed a guarantee whereby he agreed to personally guarantee all debts owed to Plaintiff pursuant to the Agreement by the Defendants." Like Skyline, Schwartz is bound by his admissions. *See Brice*, 919 F.2d at 1314; *Nat'l Sur. Corp.*, 260 F.3d at 886.

Third, Skyline argues that the district court erred in granting summary judgment and awarding damages in an amount "exceed[ing] the bounds of the alleged Medical Supply Agreement." But Skyline did not raise this argument in its opposition to Twin Med's motion for summary judgment. "Absent exceptional circumstances, not present here, we cannot consider issues not raised in the district court." *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1022 (8th Cir. 2019). More specifically, "a party cannot assert arguments that were not presented to the district

court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." *See Cole v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 533 F.3d 932, 936 (8th Cir. 2008).  For this reason, we decline to consider Skyline's final argument.

We affirm the judgment of the district court.

_____